This appeal comes to us from the Erie County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and, hereby, render our decision.
On April 3, 1995, appellant, Ann L. Wilson, was the driver of the last car struck in a four vehicle chain reaction accident caused by an employee of appellee, Mesenburg Bros., Inc., a trucking company. The collision caused minor damage to appellant's car. She declined medical treatment at the scene and drove home. However, a short time later, appellant reported nausea, neck pain and numbness in her left arm. She was treated and released at the emergency room of a nearby hospital.
Eventually, appellant sued, claiming that the accident exacerbated an existing back injury, the remedy of which required two surgeries at a cost of more than $75,000. Additionally, appellant claimed that the pain associated with this injury brought on certain psychological problems which required continuing treatment.
At trial, appellee conceded negligence, but contested appellant's injuries. Appellant's treating physicians testified that two surgeries were performed on appellant's cervical spine following the accident: a 1995 operation to treat a herniated disc, and a 1997 operation to repair collapsed bone grafts from the 1995 operation as well as an earlier 1991 surgery. Both doctors opined that operations were necessary because of the onset of symptoms after the accident. However, on cross-examination, both physicians conceded that the operations were to correct essentially degenerative conditions.
Both parties also presented testimony from clinical psychologists. Appellant's psychologist told the jury that the pain which appellant derived from the accident, along with other stressors, caused her to be anxious and depressed. Appellee's psychologist disputed that testimony suggesting that his review led him to conclude that appellant was already anxious and depressed before the collision and, in fact, appeared to improve somewhat after the accident. Further, appellee's psychologist testified that appellant's tests and symptomatology indicated that appellant for sometime had suffered from "somatization disorder," a condition characterized by an exaggeration of physical ills.
At the conclusion of the trial, the jury returned a verdict in favor of appellant in the amount of $2,500. Appellant now brings this appeal.
Appellant claims that the trial court's decision to excuse a juror and seat an alternate prior to opening statements was reversible error. Second, appellant argues that the trial court erred in refusing to include appellant's requested instruction on the "eggshell victim" in the charge to the jury. Third, appellant contends that the jury award of $2,500 was against the manifest weight of the evidence.
 I
Between the time the jury was empaneled and opening statements were to begin, one of the jurors informed the court that she worked and was friends with one of appellant's witnesses, Cindy Thompson. During a subsequent voir dire, the juror also stated that through her association with Thompson she had come to appreciate that Thompson's ex-husband, Scott (who was to testify for appellee) was "bad luck."
At this point, appellee's counsel informed the court that, had this information come out during the original questioning of perspective jurors, counsel would have exercised one of its unused peremptory challenges. Over appellant's objection, the court then dismissed the juror and installed an alternate on the panel. Appellant now complains that it was error for the court to permit appellee to exercise a peremptory challenge after the jury had been empaneled.
It is not altogether clear from the record that the court permitted appellee to exercise a late peremptory challenge. Rather, it appears that upon the new information, the court found the juror unsuitable and replaced her with an alternate. There is authority that either of these acts would be appropriate in these circumstances. See Jenkins v. Bazzoli
(1994), 99 Ohio App.3d 421, 427; Civ.R. 47(C). In any event, appellant has failed to demonstrate how installation of the alternate juror operated to her prejudice. Accordingly, appellant's first assignment of error is not well-taken.
 II.
Ordinarily, requested instructions should be given if they are correct statements of the law as applied to the facts in a given case and where reasonable minds could reach the conclusion sought by the instruction. Sapp v. Stoney RidgeTruck Tire (1993), 86 Ohio App.3d 85, 96, citing Murphy v.Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. Even so, the court need not recite the proposed instructions verbatim, it is sufficient that the court charge the substance of the instruction. State v. O'Dell (1989), 45 Ohio St.3d 140, 144;Cleveland Illuminating Co. v. Astorhurst Land Co. (1985),18 Ohio St.3d 268, 272.
In the present matter appellant requested the following "eggshell" instructions;
 "SUSCEPTIBILITY TO INJURY DUE TO PRE-EXISTING CONDITIONS.
 "YOU ARE FURTHER INSTRUCTED, WITH RESPECT TO DAMAGES, THAT THE PLAINTIFF IS ENTITLED TO RECOVER FOR ALL INJURIES WHICH ARE PROXIMATELY CAUSED BY THE NEGLIGENCE OF THE DEFENDANT. IF YOU FIND THAT PLAINTIFF HAD PRE-EXISTING MEDICAL CONDITIONS WHICH WOULD MAKE THE INJURIES SUSTAINED MORE SEVERE THAN THOSE SUSTAINED BY ANOTHER INDIVIDUAL, ANN WILSON IS STILL ENTITLED TO RECOVER FOR ALL INJURIES SHE SUSTAINED AS A RESULT OF DEFENDANT'S NEGLIGENCE. THE DEFENDANT TAKES THE PLAINTIFF AS IT FINDS HER.
 "ANN WILSON CANNOT BE DENIED RECOVERY BECAUSE ANOTHER INDIVIDUAL, INVOLVED IN THE SAME INCIDENT, MIGHT OR MIGHT NOT HAVE BEEN LESS SEVERELY INJURED."
The trial court delivered the following:
 "You are further instructed with respect to damages that the plaintiff is entitled to recover for all injuries, which are proximately caused by the negligence of the defendant. Aggravation means a physical condition already existing was made worse by this defendant. If you find for the plaintiff, you cannot consider any amount for a preexisting condition nor for pain or expenses resulting solely from such preexisting condition.
 "However, you will consider and determine an amount for whatever measurable aggravation of injury pain or expenses you find were proximately caused by this defendant. It is the extent of the aggravation for which defendant is responsible."
Although the emphasis of the court's instruction was slightly different than that requested by appellant, the substance of the requested instruction was delivered. Additionally, the court gave appellant leave to argue her "eggshell" condition. Therefore, we conclude that the trial court did not err in its handling of this instruction. Accordingly, appellant's second assignment of error is not well-taken.
 III.
In her final assignment of error, appellant essentially complains that the judgment damages awarded her were against the manifest weight of the evidence. Judgments supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. C.E. Morris v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus, Vogel v.Wells (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154. A party who has the burden of proof, "* * * has little leave to complain if the finder of fact chooses not to believe some or all of his proofs." In re Scott (1996), 111 Ohio App.3d 273, 276, quotingFantozzi v. Sandusky Cement Products (June 24, 1984), Erie App. No. E-93-31, unreported. As to the trial court's assessment of the credibility of the witnesses, the trier of fact is in the best position to weigh credibility. As a result, appellate courts are guided by the presumption that the findings of the trier of fact are correct. Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80.
We have carefully examined the entire record of this trial and found that there was competent, credible evidence presented by which a reasonable jury could have concluded that appellant's injury as the result of the accident at issue was a minor soft tissue injury and that her medical expenses were the result of a preexisting degenerative condition for which appellee was not liable.
Accordingly, appellant's third assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ------------------------- JUDGE
Melvin L. Resnick, J. ------------------------ JUDGE
James R. Sherck, J. CONCUR. ------------------------- JUDGE